IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROLANDO CALDERILLA | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-582 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Rolando Calderilla, a prisoner confined at the Wynne Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Factual Background and Procedural History

Petitioner challenges the constitutionality of a judgment entered in the 356th Judicial District Court of Hardin County, Texas. Petitioner was convicted of burglary of a habitation and sentenced to ninety-nine years of imprisonment on March 28, 2019. The judgment was affirmed on direct appeal, and Petitioner did not file a petition for discretionary review. On July 23, 2021, Petitioner filed a state application for writ of habeas corpus pursuant to Texas Code of Criminal Procedure Article 11.07. The state application remains pending.

Discussion

As a prerequisite to obtaining relief under § 2254, a prisoner must exhaust all remedies available in the state system before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) and (c). Respondent moved to dismiss the petition because it is unexhausted. In response, Petitioner

moved to stay and hold this case in abeyance until the Texas Court of Criminal Appeals rules on the state application. Respondent did not file objections to Petitioner's motion.

The United States Supreme Court has held that a federal district court has discretion to stay a § 2254 petition to allow the petitioner to present the unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 279 (2005). A district court may stay, and hold in abeyance, a federal petition if the court finds that there was good cause for the petitioner's failure to exhaust his claims in state court. *Id*. at 277. The district court should not grant a stay if the petitioner's claims are plainly meritless, or if the petitioner engages in intentionally dilatory litigation tactics. *Id*. at 277-78.

It is not clear from the face of the petition that Petitioner's claims lack merit, and there is no indication that Petitioner has engaged in intentionally dilatory litigation tactics. It is accordingly

**ORDERED** that Petitioner's motion to stay and hold in abeyance (document no. 13) is **GRANTED**. The petition is **CLOSED** until such time as the Texas Court of Criminal Appeals rules on Petitioner's state application for habeas relief.

SIGNED this 17th day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge